UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br>      v.<br><br>DENISE BROWN,<br><br>                Defendant-Appellant. | Case No. 1:14-CR-51 AWI<br>Mag. Case No. 6:13-MJ-04-MJS<br><br>ORDER ON APPEAL OF CONVICTION<br>BY MAGISTRATE JUDGE<br><br>(Doc. 31) |

Appellant Denise Brown ("Brown") appeals her conviction under 36 C.F.R. § 4.22(b)(3) for failing to maintain that degree of control of a motor vehicle necessary to avoid a danger to persons, property, or wildlife. Brown challenges the sufficiency of the evidence to support the conviction. For the following reasons, the Court will affirm the conviction.

I.     BACKGROUND

On February 5, 2014, after a bench trial, the Magistrate Judge found Brown not guilty of driving under the influence of a controlled substance (36 C.F.R. § 4.23(a)(1)) and being present in a park under the influence of a controlled substance (36 C.F.R. § 2.35(c)). CR Doc. 17. Brown was found guilty of failure to maintain control (36 C.F.R. § 4.22(b)(3)), and was sentenced to 12 months of unsupervised probation, a $240 fine, and $10 penalty assessment. CR Docs. 17, 20.

In its statement of decision, the Magistrate Judge found the following facts: On January 19, 2013, Brown was driving within Yosemite National Park. MJ Doc. 29 (Decision and Order in Bench Trial), 2:14-20. Around 4:45 p.m., her vehicle lost traction at a curve in the road and slid sideways into a tree on the right side of the road, leaving the vehicle reportedly inoperable, but

without causing bodily injury. MJ Doc. 29 at 2:21-25. A witness, Dana Clark ("Clark"), was traveling behind Brown for several miles. Clark testified that they were both traveling between 25 and 35 miles per hour, and there was nothing remarkable about Brown's driving behavior. MJ Doc. 29 at 3:7-19. Clark noticed the curve in the road, and that there was increased ice on the road, and, accordingly, slowed her speed and lost sight of Brown. MJ Doc. 29 at 3:20-24. As she came to the curve, Clark saw Brown's car against the tree. MJ Doc. 29 at 3:24-25. Clark stopped her car further down the road and walked back to help Brown. MJ Doc. 29 at 3:25-4:2. Clark did not notice anything unusual about Brown or her behavior. MJ Doc. 29 at 4:13-14.

The Magistrate Judge noted that the relevant stretch of road is "windy, mountainous and ascending in altitude, challenging for any driver." MJ Doc. 29, 27:14-17. Brown's circumstances were as likely or more likely attributable to the curve in the road, road conditions, and "perhaps to the fact that [Brown] was driving too fast for these conditions," than the effect of drugs. "These circumstances are such to fully account for the accident even without any evidence of drug use." MJ Doc. 29 at 28:7-8.

The Magistrate Judge found Brown guilty of 36 C.F.R. § 4.22 (b)(3) for failing to maintain that degree of control of a motor vehicle necessary to avoid a danger to persons, property, or wildlife. The Magistrate Judge agreed with the defense that the conviction must be supported by evidence beyond a reasonable doubt that the loss of control was attributable to negligence, and not an act of nature. MJ Doc. 29 at 29:11-16. The Magistrate Judge found that Brown did not appropriately consider the road conditions and did not slow down as a reasonable driver should have done in such conditions. MJ Doc. 29 at 29:21-30:5.

Brown now appeals the conviction, arguing that there was insufficient evidence to find her guilty of violating 36 C.F.R. § 4.22 (b)(3) because there was no evidence demonstrating that she was driving in a negligent manner. CR Doc. 31 at 5:23-24.

The government argues that there is no *mens rea* required for section 4.22(b)(1) because it is a public welfare offense silent as to *mens rea*. Alternatively, the government argues that if negligence must be shown, the Magistrate Judge's conclusions at sentencing are sufficient to demonstrate negligence. CR Doc. 34 at 6:6-15.

II.   LEGAL STANDARDS

"In all cases of conviction by a United States magistrate [United States magistrate judge] an appeal of right shall lie from the judgment of the magistrate [magistrate judge] to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402 (brackets in original). The district court's review of the magistrate judge's judgment is governed by the same standards as an appeal from a judgment of a district court to the court of appeals. Fed. R. Crim. P. 58(g)(2)(D); United States v. Stanton, 501 F.3d 1093, 1099 (9th Cir. 2007); United States v. Mancia, 720 F.Supp.2d 1173, 1178 (E.D. Cal. 2010). "In other words, the district court 'is to apply the same scope of review as a United States Circuit Court of Appeals would apply in considering an appeal of a judgment from a United States District Court.'" Mancia, 720 F.Supp.2d at 1178.

The sufficiency of the evidence to support a conviction following a bench trial is reviewed de novo. United States v. Jiang, 476 F.3d 1026, 1029 (9th Cir. 2007). The standard for reviewing the sufficiency of the evidence to support a criminal conviction is whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781 (1979); United States v. Bucher, 375 F.3d 929, 934 (9th Cir. 2004). This test applies to both jury and bench trials. United States v. Randolph, 93 F.3d 656, 660 (9th Cir. 1996). All reasonable inferences that may be drawn from the evidence are to be drawn in the government's favor. United States v. Heuer, 4 F.3d 723, 731 (9th Cir. 1993); United States v. Reese, 775 F.2d 1066, 1071 (9th Cir. 1985). The reviewing court is required to "respect the exclusive province of the fact-finder to determine the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the fact-finder resolved all such matters in a manner which supports the verdict." United States v. Khatami, 280 F.3d 907, 910 (9th Cir. 2002); United States v. Hubbard, 96 F.3d 1223, 1226 (9th Cir. 1996).

In bench trials, "the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts." United States v. Bales, 813 F.2d 1289, 1293 (4th Cir. 1987); see United States v. Stanton, 501 F.3d 1093, 1100-01 (9th Cir. 2007). "The court may select among conflicting inferences to be drawn from the testimony." Bales, 813 F.2d at 1293; see Stanton, 501 F.3d at

1100-01; United States v. Jennings, 726 F.2d 189, 190 (5th Cir. 1984); see also Khatami, 280 F.3d at 910.  "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction."  Ngo v. Giurbino, 651 F.3d 1112, 1114 (9th Cir. 2011); United States v. Barajas, 360 F.3d 1037, 1041 (9th Cir. 2004).

### III.   DISCUSSION

Section 4.22(b)(3) prohibits "[f]ailing to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife." 36 C.F.R. § 4.22 (b)(3).  The parties dispute whether a finding of negligence is required to sustain a conviction under section 4.22(b)(3).  The Magistrate Judge found that negligence is required, and that the evidence at trial demonstrated beyond a reasonable doubt that Brown's failure to maintain the appropriate degree of control of her vehicle was based on negligence.  MJ Doc. 29 at 29:11-15.  Here, the Court finds that the Magistrate Judge's finding of negligence beyond a reasonable doubt is supported by the evidence.  Therefore, the Court does not comment on whether the finding of negligence is a required element to support a conviction under section 4.22(b)(3).

As for the sufficiency of the evidence, the Magistrate Judge considered that the season and the road conditions caused the driving conditions to be difficult.  He also noted that a reasonable person would adjust their driving to accommodate the conditions faced by Brown: the sharp curve, increased ice, and incline.  Brown and Clark were both employees in Yosemite Park and presumably familiar with the road, the seasonal road conditions, and the necessary adjustments for those road conditions. The Magistrate Judge considered the testimony of Clark, an eyewitness to Brown's driving preceding the accident.  Clark had anticipated the sharp curve in the road and reduced her speed to avoid losing traction.  Clark testified that she lost sight of Brown, and next saw Brown's vehicle crashed into the tree.  Although there were no eyewitnesses to the accident itself, the fact-finder could infer from the circumstantial evidence of Clark slowing down and losing sight of Brown, that Brown did not appropriately reduce her speed to accommodate the road conditions.  Clark did not lose traction and, indeed, safely passed the point of Brown's accident and pulled over to the side of the road.

From this evidence, a reasonable finder of fact could find beyond a reasonable doubt that

Brown's speed for the road conditions was negligent, and this caused Brown to fail to maintain the necessary degree of control over her vehicle. Considering the evidence presented at trial and drawing all reasonable inferences in the government's favor, the evidence presented was sufficient to support the conviction. See Jackson; Ngo; Heuer; Khatami. Brown has not shown that reversal of her conviction is appropriate.

IV.   ORDER

For the foregoing reasons, Brown's appeal is DENIED and her conviction is AFFIRMED.

IT IS SO ORDERED.

Dated:   September 9, 2014                                              /s/ [signature]
                                                                     SENIOR DISTRICT JUDGE